IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







 

NOS. 74,878; 74,879; 74,880; 74,881; 74,882




 

 

EX PARTE PATRICK RANDALL POSTON, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


FROM ANDERSON COUNTY






 Per Curiam. 



O P I N I O N




 This is a post-conviction application for a writ of habeas corpus filed pursuant to Tex.
Code Crim. Pro. art. 11.07. Applicant was convicted of the offenses of theft of a firearm, burglary of a
building, escape, aggravated robbery, and unauthorized use of a vehicle. Punishment was assessed at,
respectively, two years, two years, twenty years, forty years, and two years imprisonment. Applicant's
direct appeals were dismissed for lack of jurisdiction. Poston v. State, Nos. 12-02-00368/369/370/371/372-CR (Tex. App.Tyler, delivered January 15, 2003, no pet.).

 Applicant contends that he was denied his right to meaningful appeals when his counsel failed to
timely file notices of appeal. The record reflects that counsel failed to timely file notices of appeal due
to a miscalculation of filing dates. Applicant is entitled to relief.

 Relief is granted. Applicant is entitled to out-of-time appeals in cause numbers 26125, 26126,
26128, 26129, and 26130 in the 3rd Judicial District Court of Anderson County. Applicant is ordered
returned to that point in time at which he may give written notices of appeal so that he may then, with
the aid of counsel, obtain meaningful appeals. For purposes of the Texas Rules of Appellate
Procedure, all time limits shall be calculated as if the sentences had been imposed on the date that the
mandate of this Court issues. We hold that should Applicant desire to prosecute any appeals, he must
take affirmative steps to see that written notices of appeal are given within thirty days after the mandate
of this Court has issued.

 


DELIVERED: February 4, 2004

DO NOT PUBLISH